

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN  
~~XXXXXXXXXXXXXXX~~  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John M. Turner  
County Attorney  
Bee County  
Beeville, Texas

Dear Sir:

Opinion No. O-3025  
Re: Authority to transfer surplus  
in bond fund of school district  
to another fund.

We received your letter dated December 21, 1940, requesting our opinion on the following questions which we quote as follows:

"1. Whether or not the money now in the depository credited to the sinking fund of former Common School District No. 5 can be transferred by the depository to the maintenance fund of Rural High School District No. 33, as all of the bonds of Common School District No. 5 have been fully paid, or

"2. Whether or not the amount of money now in the depository to the credit of the sinking fund of former Common School District No. 5 (which ceased to exist on December 14, 1937) can be transferred by the school district or depository to the sinking fund of the bonded indebtedness of Rural High School District No. 33."

We quote the following facts from your letter as follows:

"1. On December 14, 1937, Rural High School District No. 33 was established, as is shown by a certified copy of the order of the County Board of School Trustees of Bee County, Texas, entered Nunc Pro Tunc, as of December 14, 1937, herewith enclosed and marked 'Exhibit A'.

"2. At the time of the establishment of this district there was an outstanding bonded indebtedness owing by Pettus Common School District No. 5, which Common School District No. 5 is now a part of Rural High School District No. 33. At the time of the establishment of Rural High School District No. 33 there had been levied and was being collected a tax of $1.00 upon the one hundred dollar valuation of all taxable property within said Common School District No. 33, a portion of which to be applied to create a sinking fund to pay the interest and principal as the same became due, and while said bonds or any of them were outstanding a tax for each year at a rate from year to year as will be ample and sufficient to provide funds to pay the current interest on said bonds and to provide the necessary sinking fund. A certified copy of the order of the commissioners' court of Bee County authorizing the issuance of these bonds is hereto attached marked 'Exhibit B'.

"3. Since the incorporation of Rural High School District No. 33, which included Pettus Common School District No. 5, the school trustees of Rural High School District No. 33 have annually levied a tax of $1.00 upon the one hundred dollar valuation of all taxable property within said district for the maintenance of schools therein and the payment of interest and principal of bonded indebtedness.

"4. January 1, 1939, there was levied by the school trustees of the Rural High School District a tax of $1.00 upon the $100.00 valuation of all taxable property within said district, as is shown by the order of the school trustees, a certified copy of which is hereto attached and marked 'Exhibit C'.

"5. March 14, 1939, there being a sufficient amount of money in the sinking fund from taxes previously collected to retire and pay off the entire principal and interest of the bonds that were issued for Common School District No. 5, hereinabove mentioned.

Honorable John M. Turner, Page 3, O-3025

"6.  The taxes for the year 1939 had,
prior to the date of the payment of these
bonds, been levied by the school trustees of
Rural High School District No. 33, and for the
year 1939 the taxes so levied and assessed by
Rural High School District 33 were collected
by the tax collector of Bee County and approxi-
mately $6,500.00 thereof was placed in a sink-
ing fund known as Common School District No. 5
Sinking Fund with the depository, and this amount
of money now remains with the depository and the
entire bond issue of Common School District No.
5 has been paid off, which was paid March 1939."

"Exhibit C", referred to in paragraph No. 4 of your
letter reads, in part, as follows:

"On this the 14 day of October, 1940, there
was convened a meeting of the School Trustees
of Pettus, Tuleta, Normanna Rural High School
District No. 33, located in Bee County, with the
following members present:

          "R. S. Hill - President
           L. W. Dirks
           Bob Walton
           Guy Palmer
           H. A. Rabe
           E. E. Green

"when among other proceedings had the matters
hereinafter set out came on to be considered by
the trustees.

"On this day came on to be heard and consider-
ed by the Trustees of Rural High School District
No. 33, Bee County, the order of this Board here-
tofore entered in 1939, levying the taxes for all
purposes upon all taxable property within Rural
High School District No. 33; and it appearing to
the Trustees that the order levying taxes upon all
taxable property within Rural High School District
No. 33 does not appear upon the minutes of the
Board of Trustees, though said taxes were levied
by this district and assessed and have been collec-
ted in part by the Tax Collector of Bee County,
Texas.

"And it further appearing to the Board of Trustees that said order levying taxes, as aforesaid, is not properly entered upon the minutes of the Board of Trustees, Rural High School District No. 33, Bee County, for the year 1939, and it having been conclusively shown to the Board of School Trustees, Rural High School District No. 33, and the Board so finds that a proper levy was made on the 1st day of January, 1939, ordering the proper officials of Bee County, Texas, to assess and collect the same ordering that said taxes be a legal charge on the property and the owners thereof within the Rural High School District No. 33, in accordance with the following rates:

"$1.00 upon the $100.00 valuation of all taxable property of the said District for the maintenance of schools therein and such amount as may be necessary to retire and pay the unpaid balance of any bonded indebtedness then existing or unpaid for which bonds have been issued by any former Common School District within said Rural High School District No. 33, and any balance remaining out of said $1.00 upon the $100.00 valuation not used and necessary to pay the bonded indebtedness of any former existing bonds shall be placed in the maintenance fund of said Rural High School District No. 33.

"IT IS THEREFORE ORDERED by the Trustees of Rural High School District No. 33, all members of the board being present and all voting, that said taxes of $1.00 upon the $100.00 valuation of all taxable property in said Rural High School District No. 33 for the year 1939 be, and the same is now, levied against the property within said Rural High School District No. 33 and the owners thereof, as are subject to taxation, and that the same be, and is hereby, just and proper rate to be levied to raise the revenue sufficient to satisfy the obligations of said Rural High School District No. 33 and for the maintenance of schools therein, and that said taxes are made a legal charge on said property and against the owners of same; that the assessor of Bee County, Texas, is hereby ordered to extend the same on the tax rolls and the tax collector is ordered to collect said taxes, and

the secretary of this board is ordered to pre-
pare and file with the tax assessor-collector
a certified copy of this order to be entered Nunc
Pro Tunc as of the 1st day of January 1939."

Authority of the school board to levy and collect
the tax is provided for in Article 2922-1, Vernon's Annotated
Civil Statutes, which reads, in part, as follows:

"The board of a rural high school district
provided for in this Act shall have the power to
levy and collect an annual ad valorem tax not to
exceed One Dollar ($1) on the one hundred dollars
valuation of taxable property of the district for
the maintenance of schools therein, and a tax not
to exceed Fifty (50) Cents on the one hundred dol-
lars valuation of taxable property of the district
for the purpose of purchasing, constructing, re-
pairing, or equipping public free school buildings
within the limits of such district, and the pur-
chase of necessary sites therefor; providing that
the amount of maintenance tax, together with the
amount of bond tax of the district shall never
exceed One Dollar ($1) on the one hundred dollars
valuation of taxable property; . . ."

From the above quoted facts, it appears that Rural
High School District No. 33 collected taxes from the rural dis-
trict for the year 1939. A portion of said taxes were alloted
to a sinking fund to retire the bonded indebtedness of Common
School District No. 5. It appears further that the entire
bonded indebtedness, for which the particular sinking fund in-
volved was created, was paid off in March, 1939, leaving a
balance in said fund of approximately $6,500. We assume that
this surplus was caused by alloting more money, collected by
the rural district from the 1939 taxes, to the sinking fund
than was necessary to pay off the bonds.

The rule seems to be that money belonging to a bond
fund cannot be used for maintenance. See McPhail et al v. Tax
Collector of Van Zandt County et al., 280 S.W. 260 (writ re-
fused.) This rule undoubtedly contemplates a situation where
there exists outstanding bonds. However, where there are no
outstanding bonds in existence, there is no need or purpose for
an interest and sinking fund. In this connection, we quote
from the case of Madeley et al v. Trustees of Conroe Indepen-
dent School District, et al., 130 S.W. (2d) 929 (writ dismissed)
as follows:

"The following illustration is in point on our holding: Where a district has issued bonds and voted a tax to retire them, what becomes of the surplus of the tax when the bonds are retired? Since it is not reasonable that the exact amount of the bonds will be collected, on every bond issued the trustees will have in their hands a surplus. Again, a tax payer permits his tax to become delinquent until after the bonds are retired; when sued, can he defend on the ground that the bonds for which the tax against his property was levied have been paid off? When the delinquent tax is collected, how shall it be expended? These questions find their answer in Sec. 3 of Art. 7 of the Constitution; where the bonds have been paid off the statutes regulating the expenditure of the funds for their payment cease to control the power of the trustees in the expenditure of the surplus, and its expenditure rests in the discretion of the trustees, under Sec. 3 of Art. 7 of the Constitution."

It is our opinion that the money in question now deposited in the sinking fund of former Common School District No. 5, all bonded indebtedness having been paid, can be properly transferred to the maintenance fund of Rural High School District No. 33 upon proper order executed by officers charged with receiving and disbursing funds for said Rural High School District.

We trust that our answer to your first question will satisfactorily answer your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 22, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By   /s/ Glenn R. Lewis
        Glenn R. Lewis
           Assistant

By   /s/ Lee Shoptaw
        Lee Shoptaw

LS:db:mjs

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN